IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LARRY KLAYMAN
7050 W. Palmetto Park Rd
Boca Raton FL 33433

        Plaintiff,

v.

HON. NEOMI RAO
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. ROBERT L. WIKLINS
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. KAREN LECRAFT HENDERSON
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. GREGORY G. KATSAS
c/o 333 Constitution Ave NW
Washington DC 20001

   and

HON. JUSTIN R. WALKER
c/o 333 Constitution Ave NW
Washington DC 20001

        Defendants.

**COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

2023-CAB-002616

I.    **INTRODUCTION**

1

Plaintiff LARRY KLAYMAN ("Mr. Klayman") brings this action against HON. NEOMI RAO, HON. ROBERT L. WIKLINS, HON. KAREN LECRAFT HENDERSON, HON. GREGORY G. KATSAS, and HON. JUSTIN R. WALKER, for injunctive and other equitable relief for egregious and blatant violations of his constitutional and other legal rights.

## II.   JURISDICTION

The Court has jurisdiction to hear this claim for injunctive and equitable relief pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1984).

## III.   PARTIES

### Plaintiff

1. LARRY KLAYMAN is an individual, natural person, who at all material times was and is a citizen of Florida.

### Defendants

2. HON. NEOMI RAO ("Judge Rao") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").

3. HON. ROBERT L. WILKINS ("Judge Wilkins") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

4. HON. KAREN LECRAFT HENDERSON ("Judge Henderson") is on information and belief an individual and a citizen of the District of Columbia. She is a judge at the D.C. Circuit.

5. HON. GREGORY G. KATSAS ("Judge Katsas") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

6.      HON. JUSTIN R. WALKER ("Judge Walker") is on information and belief an individual and a citizen of the District of Columbia. He is a judge at the D.C. Circuit.

IV.   **STANDING**

7.      Mr. Klayman has standing to bring this action because he has been directly affected, harmed, and victimized by the unlawful conduct complained herein. His injuries are proximately related to the conduct of Defendants, each and every one of them, jointly and severally, conspiring to act in concert.

V.    **FACTS**

8.      This case centers around the unconstitutional and other illegal actions of Defendants, each and every one of them, acting in concert, in not just violating their oath of office as federal judges to be fair, neutral, impartial, honest and to rule on the facts and the law rather than extrajudicial bias and prejudice, regardless of the person who may appear before them, but worse violating Mr. Klayman's rights and discriminating against him in *In re Klayman*, 22-8521 (D.C. Cir.), which is the reciprocal discipline proceeding (the "Reciprocal Discipline Proceeding") based on the Suspension Order and Judgment of the District of Columbia Court of Appeals in *In re Klayman*, 20-BG-583 (D.C.C.A.) (the "Suspension Order").

9.      When the Reciprocal Discipline Proceeding was instituted, it was assigned to a panel consisting of Judge Henderson, Judge Katsas, and Judge Rao. Later on, in or around April of 2023, it was reassigned to a new panel consisting of Judge Henderson, Judge Wilkins, and Judge Walker.

10.     Throughout the course of the Reciprocal Discipline Proceeding, the five (5) Defendants who have been included in the two panels have issued a number of highly prejudicial, unsupportable, and frankly unprecedented, unjustified rulings that have severely

3

hampered and harmed Mr. Klayman's ability to present any meaningful defense. These rulings, as set forth below, are in clear violation of Mr. Klayman's sacrosanct constitutional due process and other rights.

11. *First*, on at least two separate occasions, Mr. Klayman moved the Panel for a stay of the Reciprocal Discipline Proceedings pending the outcome of his challenges to the underlying Suspension Order pursuant to D.C. Superior Court Civil Rule 60, *Klayman v. Sataki et al*, 22-CAB-5235 (D.C. Sup. Ct.) (the "Rule 60 Complaint").

12. Mr. Klayman more than convincingly explained that (1) every other jurisdiction considering the issue of reciprocal discipline has stayed its own proceeding pending the outcome of Mr. Klayman's challenges to the underlying Suspension Order because it saw the strong merits of the Rule 60 Complaint on its face, (2) a favorable outcome in Mr. Klayman's challenge to the underlying Suspension Order would necessarily moot out the issue of reciprocal discipline, and (3) a stay is therefore the only rational way to proceed because either Mr. Klayman is successful and this entire matter is mooted out, thus saving enormous time and expense for everyone involved, or Mr. Klayman is unsuccessful and this matter can just resume at a later date. Thus, in sum, had a stay been granted as it was in every other jurisdiction, there would have been absolutely no downside or prejudice to anyone, and indeed, only the possible upside of conserving the limited time and resources of both Mr. Klayman as well as the Panel.

13. Despite this, the Panel consisting of Judges Rao, Katsas, and Henderson without any rational basis denied this simple, logical and rational request on February 21, 2023, and the Panel consisting of judges Henderson, Wilkins, and Walker also denied the same without any rational basis on April 27, 2023.

14. *Second*, Mr. Klayman moved to submit and file a USB Drive containing the entire record at the Board on Professional Responsibility ("Board") level for the benefit of the Panel so that they would have access to all of the relevant documents it needed in order to make a ruling based on the facts of the case. Even this incredibly basic request was denied in a *per curiam* order of April 3, 2023 with zero explanation.

15. This was despite the fact that Mr. Klayman more than convincingly explained that (1) every other jurisdiction that was considering the issue of reciprocal discipline accepted an identical USB drive for filing, and many even *sua sponte* ordered that one be filed so that they would at least have access to the entire record at the Board level for their review, and (2) it simply would have been impossible to in any efficient or realistic way provide the Panel with paper copies of the entire Board record due to the fact that it was extremely voluminous, with the USB drive itself comprising over 1 gigabyte of data. This, of course, explains why every other jurisdiction either accepted or requested an identical USB drive—it is the only practical way to present the necessary record documents to enable a ruling and determination based on the facts and the law.

16. *Third*, on the heels of the Panel's frankly unjustified refusal to accept the USB drive, Mr. Klayman then undertook the great time and expense to copy off the transcripts of the lengthy six (6) day hearing before the Ad Hoc Hearing Committee ("AHHC") in the form of a Supplemental Appendix. Mr. Klayman even took the additional time to comb through the transcripts and point out specific portions of the Supplemental Appendix that contained especially relevant and compelling testimonial evidence which shows why that Mr. Klayman did not commit any ethical violations and where the Complainant, Elham Sataki ("Ms. Sataki") was repeatedly impeached.

17. Even this entirely routine request was unbelievably denied by the Panel consisting of Judges Henderson, Wilkins, and Walker.

18. Other than as a result of rank retaliation for publishing criticism of members of the D.C. Circuit, as well as filing civil complaints and good faith ethical grievances before the Judicial Council of the D.C. Circuit to investigate bona fide charges judicial misconduct, as set forth in paragraph 20, below, it is frankly, completely incomprehensible why these exceedingly routine and simple requests were denied by the Panel, as there is absolutely no prejudice to the Panel to simply **having access** to the record. As Mr. Klayman argued in his Motion for Additional Time and Oral Argument and Supplement to Motion for Leave to File Supplemental Appendix and Motion to Stay, even if the Panel, at that very moment, in good faith believed that the record was not necessary to make a ruling, there is simply no harm in just **having access** to the record should any issues or questions arise. However, this dogged refusal to even accept access to the record by the Panel can only lead to one possible conclusion – that the Panel has already made up its mind based on extrajudicial factors and bias and prejudice, and that the actual facts contained in the record, no matter how exculpatory, will not change the Panel's predetermined mindset. This is the only possible explanation for the Panel's steadfast refusal to even have access to the record. And, as the Panel is surely aware, such conduct is a clear and unequivocal violation of the oath of office that every federal judge in this Court swore, under oath, prior to taking the bench.

19. Furthermore, the fact that the Defendants here in the Reciprocal Discipline Proceeding have, at every single step of the way, deviated from the actions of every other relevant jurisdiction in the country is proof positive that they are being driven not by the facts and the law, but on extrajudicial factors and bias a prejudice that are wholly inappropriate for the

Defendants to rely upon. This is far from a logical leap. Every other jurisdiction has taken steps to ensure that they have the most possible information prior to making a ruling – evidencing a mindset of intent to apply the law to the record facts. On the other hand, the Defendants have openly exhibited a mindset of hastily rushing through the Reciprocal Discipline Proceeding with as little information as possible, therefore indisputably evidencing a pre-determined mindset not based on the facts and law.

20. Then, on top of all the egregious injustices set forth above, the Panel only allotted Mr. Klayman a mere ten (10) minutes for oral argument, despite there being no opposing party, far short of the normal at least twenty (20) minutes allotted to normal oral arguments. This will only be underscored by the near certainty that the Panel will drain most if not all of Mr. Klayman's allotted time with its own prejudicial statements and diatribe and prevent Mr. Klayman from having any chance to actually present an bona fide oral argument to advance his interests.

21. The extrajudicial, predetermined biased and prejudicial mindset exhibited by the Defendants is likely due to the fact that Mr. Klayman has named them as Defendants in prior lawsuits, has filed Judicial Council Complaints against them, and has been openly critical of many of the members of the U.S. Court of Appeals for the District of Columbia Circuit in his capacity as a public interest advocate and in his latest book, "*It Takes a Counter-Revolution: Wake Up America!*" (Post Hill Books, 2022). However, as this Court, as well as the Defendants, surely know but do not care, this is not a proper basis upon which to make judicial rulings.

22. Respectfully, it is not Defendants' job to simply brush off and dismiss their duties as federal judges that for whatever reason they do not want to do, whether it be due to personal dislike of and animus toward the Appellant, Mr. Klayman, or for other reasons.

Defendants were appointed to perform their duties of applying the law to the facts, regardless of any personal biases. This is required by the oath of office for federal judges:

> I do solemnly swear that I will administer justice **without regard to persons**, and do equal right to the poor and to the rich, and that I will impartially discharge and perform all the duties incumbent upon me as judge under the Constitution and laws of the United States. So help me God. 28 U.S.C. § 453 (emphasis added).

23. Mr. Klayman has thus been severely harmed by the Defendants, as his due process rights pursuant to the Fourteenth Amendment of the Constitution and the Fifth Amendment to the Constitution have been severely violated, as he has been given absolutely no opportunity for a fair adjudication on the merits on the Reciprocal Discipline Proceeding.

24. Mr. Klayman therefore respectfully requests injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

25. Mr. Klayman further respectfully requests that this matter be transferred to another court which is now considering reciprocal discipline as this case will necessarily hinge upon members of this Court ruling, inter alia, on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest. Transfer to an impartial venue is therefore necessary in the interest of Mr. Klayman's due process and other rights, as well as the interests of justice in general.

**FIRST CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**Fourteenth Amendment Due Process**

26. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

27. Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

28. Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

29. In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

30. Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

31. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

32. Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial biases and prejudices.

33. Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline, as this case will necessarily hinge upon

members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

**SECOND CAUSE OF ACTION**
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**Fifth Amendment Due Process**

34. Mr. Klayman repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

35. Defendants' actions and omissions, each and every one of them acting in concert as joint tortfeasors, constituted a violation to Mr. Klayman constitutional rights secured by the Due Process clause of the Fourteenth Amendment.

36. Defendants denied Mr. Klayman due process by (1) failing to stay the Reciprocal Discipline Proceedings pending the outcome of Mr. Klayman's challenges to the Suspension Order, (2) failing to accept the USB drive containing the Board record for filing, and (3) failing to accept the Supplemental Appendix for filing.

37. In doing so, Defendants have openly exhibited and, in essence admitted, that they will not be considering the facts and the law with regard to the Reciprocal Discipline Proceeding, and will instead be making a decision solely on extrajudicial factors and bias and prejudice.

38. Thus, Defendants have denied Mr. Klayman due process by taking away meaningful access to the legal system, taking away his ability to meaningfully seek appeal, and taking away his right to have his cases actually heard and considered by the judicial system.

39. Defendants' actions were intentional, malicious, willful, wanton, and in gross and reckless disregard of Mr. Klayman's constitutional rights.

40. Mr. Klayman prays for injunctive and equitable relief against the Defendants ordering them to (1) accept the USB record for filing, (2) accept the Supplemental Appendix for

filing and (3) to thoroughly review both of these submissions in order to enable them to make a ruling that is based in fact and law and not based upon extrajudicial bias and prejudice.

41. Mr. Klayman prays that the Reciprocal Discipline Proceeding be transferred to another court which is considering reciprocal discipline where he is admitted, either , as this case will necessarily hinge upon members of this Court ruling on the misconduct of their colleagues, in violation of Plaintiff's constitutional and other legal rights, which creates a strong conflict of interest.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against each of the Defendants, jointly and severally, for declaratory and preliminarily and permanent injunctive relief, and any other further relief the Court deems just and proper, for the prejudicial, intentional, reckless, illegal, unconstitutional and malicious acts of the Defendants, each and every one of them, jointly and severally, against Mr. Klayman. Defendants should thus be ordered to send this matter to another Court which is considering reciprocal discipline and to rule that the entire record should be reviewed to reach a just decision based on the facts and the law, rather than personal bias and prejudice and the apparent agenda to retaliate against Mr. Klayman as set forth above.

Dated: May 1, 2023                                   Respectfully submitted,

                                                     /s/ Larry Klayman
                                                     Larry Klayman
                                                     KLAYMAN LAW GROUP, P.A.
                                                     7050 W. Palmetto Park Rd
                                                     Boca Raton, FL, 33433
                                                     Email: leklayman@gmail.com

                                                     *Plaintiff Pro Se*